686

**McELLIGOTT et ux. v. ISTHMIAN S. S. CO.**

**No. 498.**

United States District Court
S. D. Georgia, Savannah Division.
April 19, 1949.
Judgment Affirmed Nov. 18, 1949.

Alexander A. Lawrence (of Bouhan, Lawrence & Williams), of Savannah, Ga.,

and Shelby Myrick, Savannah, Ga., for libellants.

Lawton & Cunningham, Savannah, Ga., for libellee.

SCARLETT, District Judge.

The above styled libel having been tried before me, and evidence having been heard, briefs submitted, and oral arguments made, the following findings of fact and conclusions of law are hereby made:

Findings of Fact

1. The personal property, belongings and effects of libellants were damaged by reason of the negligence of Isthmian Steamship Company, its employees and agents, in

(a) Failing properly to secure the hatch cover and ventilator of the magazine hatch where such personal property was stored, with the result that sea water was allowed to enter the compartment during the voyage from Calcutta, India, to Savannah;

(b) Failing properly to inspect and test the ventilator cover of the port ventilator of the magazine hatch prior to departure of the S.S. Cape San Martin from India on the voyage concerned, so as to discover and correct the condition which existed as to corrosion of the gasket thereof and the existence of a space or opening through which water could enter the hatch during heavy seas.

2. The damage to the personal property of the libellants which was stored in the magazine hatch was not the result of the peril of the sea or an act of God; and proper diligence on the part of the officers and employes of the Isthmian Steamship Company in connection with the securing of the hatch and ventilator in question would have prevented the damage to the personal property of libellants despite the monsoons which the Cape San Martin encountered on the voyage to America and which at the time of the year in question may be expected.

3. By reason of the negligence of the libellee in the premises, the personal property, belongings and effects of the

libellants were damaged in the total amount of Four Thousand Five Hundred Eighty One dollars and eighty-one cents ($4,581.-81), which I find to be the difference between the market value of the damaged property at the time the same was delivered to the libellee and the value thereof after the damage in transit.

4. The personal property, belongings and effects of the libellants were shipped under and in accordance with Section 20 of the passenger ticket issued by Isthmian Steamship Company on June 16, 1947, to libellants, and not under Section 19, thereof. The said property was not necessary or intended for passengers' personal use on the voyage in question, and was boxed and packed in a different manner from the ordinary personal baggage of passengers.

5. Libellants made arrangements with the Agent of Isthmian Steamship Company at Calcutta for the transportation of the property in question by a separate arrangement as provided in Section 20 of the Ticket Contract, and paid for the transportation of such personal property the sum of $58.80.

6. The receipt covering the payment of the compensation for the carriage of the personal property in question is sufficient as an arrangement in writing required by and contemplated under Section 20 of the Ticket Contract involved.

7. Under the facts of the case the libellants were not accorded any real choice of rates in connection with the shipment of the personal property in question, and were not adequately informed or advised by Isthmian Steamship Company or its Agent at Calcutta that an alternative rate existed.

8. Under the facts of the case the limitation of liability of the carrier, set forth in Section 19 of the Ticket Contract restricting recovery to $100.00 except under certain circumstances, is not applicable to the present case.

### Conclusions of Law

1. This cause is a libel in admiralty, and the United States District Court for the Southern District of Georgia has jurisdiction.

2. The damage to the personal property of the libellants which was stored in the magazine hatch was not the result of a peril of the sea or an act of God; and proper diligence on the part of the officers and employes of the Isthmian Steamship Company in connection with the securing of the hatch in question and inspection of the ventilator and securing same would have prevented the damage to any personal property of libellants despite the monsoons which the Cape San Martin encountered on the voyage to America and which at the time of the year in question may be expected.

3. The personal property, belongings and effects of the libellants were shipped under and in accordance with Section 20 of the passenger ticket issued by Isthmian Steamship Company on June 16, 1947, to libellants, and not under Section 19 thereof. The said property was not necessary or intended for passengers' personal use on the voyage in question, and was being boxed and packed in a different manner from the ordinary personal baggage of the libellants and other passengers.

4. The arrangement at Calcutta for the transportation of the property in question and the receipt covering the payment of extra compensation for the carriage thereof constituted an arrangement in writing required by and contemplated under Section 20 of the Ticket Contract involved.

5. The limitation of liability of the carrier, set forth in Section 19 of the Ticket Contract restricting recovery to $100.00 except under certain circumstances, is not applicable to the present case.

6. Judgment is hereby awarded in favor of libellants and against Isthmian Steamship Company, in the amount of Four Thousand Five Hundred and Eighty One Dollars ($4,581.81) and Eighty One Cents and costs of court are hereby assessed against libellee. Let the Clerk prepare a bill of costs containing the court costs and items chargeable against libellee, including the taking of certain depositions.